# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Cathy L. Waldor |
| | : | |
| v. | : | Mag. No. 25-9039 |
| | : | |
| JAULIL WILLIAMS | : | **CRIMINAL COMPLAINT** |

I, Daley Bornsztejn, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Deputy United States Marshal with the United States Marshals Service, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

*/s/ Daley Bornsztejn /JS*

Daley Bornsztejn
Deputy United States Marshal
United Sates Marshals Service

Deputy United States Marshal Daley Bornsztejn attested to this Affidavit by telephone pursuant to F.R.C.P. 4.1(B)(2)(A) on this 17th day of January, 2025.

*/s/ Cathy L. Waldor /JS*

Hon. Cathy L. Waldor
United States Magistrate Judge

# ATTACHMENT A

## Escape from Custody of the Bureau of Prisons

On or about December 7, 2024, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**JAULIL WILLIAMS,**

escaped from the custody of the Federal Bureau of Prisons, an authorized representative of the Attorney General.

In violation of Title 18, United States Code, Section 751(a).

# ATTACHMENT B

I, Daley Bornsztejn, am a Deputy United States Marshal of the United States Marshals Service ("USMS"). The information contained in the complaint is based upon my personal knowledge, as well as information obtained from other sources, including: (a) statements made or reported by various witnesses with knowledge of relevant facts; (b) my review of publicly available information; and (c) my review of evidence, including reports and other documents. Because this complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about January 29, 2018, Jaulil Williams ("WILLIAMS") pleaded guilty in U.S. District Court, District of New Jersey, to an indictment charging him with illegally possessing a firearm and ammunition. *See United States v. Williams*, Crim. No. 17-cr-344 (KSH) (ECF No. 11). As part of his sentence, which was imposed on January 31, 2019, the Court committed WILLIAMS to the custody of the United States Bureau of Prisons ("BOP") to be imprisoned for a term of 100 months.

2. In or around November 2024, the BOP approved WILLIAMS for transfer from incarceration at a BOP facility to home detention with electronic monitoring, which would be facilitated by a residential re-entry center ("RRC") in Newark, New Jersey. At all times relevant to this complaint, WILLIAMS's release date from BOP custody was, and remains, May ~~26~~ 9 CLW, 2025.

3. On or about November 4, 2024, WILLIAMS received, and acknowledge by signature, the Conditions of Home Detention as set forth on a BP-A0460 form (the "Form"). On the Form, WILLIAMS acknowledged that he would reside with a girlfriend at a BOP-approved residence in Newark, New Jersey (the "Residence"). The top of the Form contained the following in bold typeface:

> I understand that my placement on Home Detention status is a privilege which may be revoked by the Community Corrections Manager (CCM). I understand that any violation of Home Detention Conditions, or conduct or activity which reflects a disregard for the rights of others, shall be sufficient to revoke my Home Detention and/or terminate my Residential Re-Entry Center (RRC) program participation.

4. Additionally, WILLIAMS initialed each of the following conditions on the Form:

a. “I will reside at my approved residence at [the Residence].”

b. “I also agree that if my confinement is to be electronically monitored, I will wear any electronic monitoring device required.”

c. “I will return to the RRC/Probation at least once weekly for routine progress reviews and program participation, and more often if instructed to do so.”

d. “I agree that during the Home Detention period, I will remain at my place of residence, except for employment, unless I am given specific permission to do otherwise.”

e. “I will abide by special instructions given to me by the RRC/Probation, e.g., electronic monitoring program participation.”

5. As part of WILLIAMS’s participation in the electronic monitoring program, an electronic monitoring device was secured to WILLIAMS’s ankle.

6. On or about December 6, 2024, at 11:41 p.m., RRC staff received an alert indicating that WILLIAMS was at an unapproved location. RRC staff contacted WILLIAMS and ordered him to return to the Residence. Approximately 22 minutes later, at 12:03 a.m. on December 7, 2024, electronic monitoring indicated that WILLIAMS returned to the residence. However, approximately 4 minutes later, at 12:07 a.m., RRC staff received an alert that WILLIAMS’s electronic monitoring device was tampered with. RRC staff subsequently attempted to contact Williams but were unsuccessful. Accordingly, RRC staff has designated WILLIAMS as an escapee from custody, and his whereabouts are unknown.

7. WILLIAMS has not been in contact with the RRC since December 7, 2024. The BOP has classified WILLIAMS as an escapee and his current whereabouts are unknown.